**HABAN, Plaintiff-Appellant, v. NORRIS ET, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3943.   Decided October 11, 1946.

Alfred A. Benesch, Cleveland, Don S. Cameron, Columbus, for Plaintiff-Appellant.

Ralph J. Bartlett, Prosecuting Attorney, Robert P. Barnhart, and Edmund E. Paxton, Asst. Prosecuting Attorneys, Columbus, for Defendants-Appellees.

## OPINION

By THE COURT:

This is a law appeal from the Court of Common Pleas of Franklin County, Ohio.

The record discloses that the plaintiff-appellant is the owner of several parcels of real estate which were purchased at a land tax sale conducted by the county auditor of Franklin County during the years of 1935 to 1944, inclusive. The lots purchased from 1935 to 1943, inclusive, were all purchased before the effective date of §§5752 and 5762 GC. The plaintiff-appellant has two or three parcels of property which were purchased in 1944 but the proceedings to sell the same at forfeited land tax sales were begun prior to the effective dates of §§5752 and 5762 GC in 1943. The plaintiff-appellant filed an action in the Court of Common Pleas of Franklin County, seeking a mandatory injunction to compel the auditor of Franklin County to remove from the tax list all assessments, reassessments, penalties and interest which were liens against said parcels of property at the time the forfeited land tax sale was conducted, but installments of such assessments and reassessments were to become due at a future date. To this petition the defendant-appellee filed a demurrer on the ground that the petition fails to state a cause of action. Upon consideration of the questions raised by the demurrer the Court of Common Pleas sustained the same. The plaintiff-appellant not desiring to plead further a judgment was entered dismissing the petition.

The demurrer raises two specific questions: The first question raised is whether or not the purchaser of property at an auditor's forfeited land tax sale acquires title to said property free from all and every lien of assessments, special assessments and reassessments which were a lien against said property prior to the tax sale, but the installments of which are payable at some future date It will be noted that the lands which the plaintiff-appellant seeks to have withheld from the forfeited land tax list were all purchased at land tax sales prior to the enactment of §§5752 and 5762 GC, and also prior to the repeal of §5755 GC, which is the applicable section in determining this question. The trial court in a lengthy and able opinion by Judge Leach followed the rule of law laid down in the case of **Columbus Titles, Inc. v. Thatcher, et al, 62 Oh Ap 505,** and held that since the plaintiff purchased said properties at forfeited land sales prior to the enactment of §§5752 and 5762 GC, the assessments to become due after the forfeiture, survive the sale of the land by the state pursuant to provisions of §5755 GC. The plaintiff-appellant cites the case of **State, ex rel. v Zangerle, 145 Oh St 433,** but which the trial court refused to follow as it was interpreting §§5752 and 5762 GC, which sections were not involved in the instant case. With this ruling of the Court we are in full accord.

The other question raised by the demurrer is whether or not the purchaser of property at an auditor's forfeited land tax sale conducted in 1944, but the proceedings leading up to the sale were instituted and begun in 1943, prior to the enactment of the §§5752 and 5762 GC, acquires title to said property free from all and every lien of assessments, special assessments and reassessments which were levied against said property prior to the tax sale, but the installments of which are payable at a future date. At least two of the lots involved in this litigation were purchased by the plaintiff or his predecessors in title in 1944, but as alleged in the amended petition the county commissioners of Franklin County, Ohio, issued direction to the county auditor to sell said lots at a forfeiture land tax sale and this direction or order was made on the 4th of June, 1943, two months before the effective dates of §§5752 and 5762 GC. The trial court ruled the same on this question as on the first, citing §26 GC, which reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, when the repeal or amendment relates to the remedy. It shall not affect any actions, prosecutions, or proceedings unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amendment or repealing act."

The Court held that this section applies to the "proceedings" for the sale of three lots in 1944, which "proceedings" were begun by the county commissioners on June 4, 1943, before the effective date of the change of the applicable statutes; that therefore the titles granted for the said three lots were the same as for the lots sold in the prior years, and that the rule pronounced in the Columbus Titles, Inc., case, supra, is applicable to the said three lots sold in 1944, as well as to the lots sold in the years 1937 to 1943, inclusive.

We have reached the same conclusion as the trial court and we are satisfied that no good purpose would be served by enlarging the files in this case by an extended opinion which would not differ from that of Judge Leach, which we approve in its entirty.

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.